IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ABEBE & COMPANY, LLC,<br><br>Plaintiff,<br><br>v.<br><br>KRYSTAL FOWLKES-WRIGHT,<br><br>Defendant. | CIVIL ACTION NO.<br>1:18-CV-5500-ODE-CCB<br><br><br><br>ORDER AND FINAL REPORT<br>AND RECOMMENDATION |

This matter is before the Court for consideration of Defendant Krystal Fowlkes-Wright's *pro se* affidavit and application to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), (Doc. 1), and her petition for removal. (Doc. 1-1). From the documents Defendant attaches to her petition for removal, it appears that Plaintiff Abebe & Company initially filed this matter in the Magistrate Court of DeKalb County, Georgia, seeking to evict Defendant and Ronnell Wright from a premises and for past-due rent. (Doc. 1-1 at 5). Defendant seeks to remove the matter to this Court. For the reasons set forth below, it is hereby **RECOMMENDED** that this case be **REMANDED** to the Magistrate Court of DeKalb County. For the purposes of remand only, Defendant's motion to proceed *in forma pauperis*, (Doc. 1), is **GRANTED**.

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant…to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). When an action is removed from state court, this Court must remand it if—at any time before final judgment—it appears that this Court lacks subject-matter jurisdiction. *See* 28 U.S.C. § 1447(c). Indeed, this Court is required to ensure its own subject-matter jurisdiction, even if that question is not raised by the parties. *See, e.g., Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001). "[I]n removal cases, the burden is on the party who sought removal to demonstrate that federal jurisdiction exists." *Kirkland v. Midland Mortg. Co.*, 243 F.3d 1277, 1281 n.5 (11th Cir. 2001).

In her pleadings, Defendant appears to argue that this Court has federal-question jurisdiction to hear the matter.[1] Under 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "To determine whether the claim arises under federal law, [courts] examine the 'well pleaded' allegations of the complaint and ignore potential defenses: a suit arises under the

---

[1] In the Civil Cover Sheet, Defendant indicates, as a basis for jurisdiction, that the United States Government is a defendant. (Doc. 1-2 at 1). That is simply not the case—the United States is not a party to this action.

Constitution and laws of the United States only when the plaintiff's own cause of action shows that it is based upon those laws or that Constitution." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003) (internal quotation marks and alterations omitted).

The Petition for Removal makes clear that the state-court action is an eviction proceeding, where Plaintiff Abebe & Company alleges that Defendant is in possession of a premises in DeKalb County, Georgia, for which she has failed to pay $3,800 in past-due rent. (Doc. 1-1 at 5). Plaintiff demands possession of the premises and past-due rent. *Id.* Defendant's Petition for Removal does not identify any federal claim that Plaintiff asserts in the state-court action. And the lack of a federal claim in Plaintiff's state-law proceeding is not surprising, because dispossessory actions are typically a product of state law—here O.C.G.A. § 44-7-50. *See Mwangi v. Fed. Nat'l Mortg. Ass'n*, 164 F. Supp. 3d 1403, 1415 (N.D. Ga. 2016) (holding that "[u]nder Georgia law, the exclusive method whereby a landlord may evict a tenant is through a properly instituted dispossessory action filed pursuant to O.C.G.A. § 44-7-50 et. seq." (internal quotation marks and alteration omitted)).

Instead of alleging that Plaintiff's suit is based upon federal law, Defendant appears to assert counterclaims or defenses under federal law. Specifically, Defendant states that the proceedings in state court violate 15 U.S.C. § 1692, Federal Rule of Civil Procedure 60, and the 14th Amendment of the United States

Constitution. (Doc. 1-1 at 2). But under the well-pleaded complaint rule, federal defenses and counterclaims are not sufficient to confer jurisdiction on this Court to hear an action removed from a state tribunal. *See Beneficial Nat'l Bank*, 539 U.S. at 6; *Blab T.V. of Mobile, Inc. v. Comcast Cable Commc'ns, Inc.*, 182 F.3d 851, 854 (11th Cir. 1999) (noting that "[t]he presences of a federal defense does not make the case removable"); *Fed. Land Bank of Columbia v. Cotton*, 410 F. Supp. 169, 170 n.1 (N.D. Ga. 1975) (holding that a "defendant's defense and counterclaim relating to truth-in-lending violations are clearly not sufficient to confer subject-matter jurisdiction upon this court for the entire action"). Simply put, "[b]ecause landlord-tenant disputes are matters of state law, an action for eviction cannot be the basis for federal question jurisdiction." *See Round Valley Indian Housing Auth. v. Hunter*, 907 F. Supp. 1343, 1348 (N.D. Cal. 1995). Defendant has not identified any federal claim in Plaintiff's state-court dispossessory action, and the case is not removable based on federal-question jurisdiction.

And although Defendant does not argue that the case is removable based on diversity jurisdiction, the Court has examined the state-court dispossessory affidavit, and it makes clear that diversity jurisdiction does not exist here. Diversity jurisdiction exists for all civil actions where the amount in controversy exceeds $75,000 and which are between citizens of different states. 28 U.S.C. § 1332(a)(1). And diversity between parties does not provide a basis for removal to federal court

if any of the properly joined defendants is a citizen of the state in which the action is brought. *See* 28 U.S.C. § 1441(b)(2). Defendant states in the Civil Cover Sheet that she is a resident of DeKalb County, Georgia, and she does not allege citizenship in any other state. (Doc. 1-2). Because Defendant is a resident of Georgia, she cannot remove the state-court proceeding.

Nor can Defendant meet the amount-in-controversy threshold. The underlying state-court affidavit shows that Plaintiff seeks past-due rent of $3,800. (Doc. 1-1 at 5). The amount Plaintiff seeks falls far short of $75,000, and this action may not be removed on the basis of diversity jurisdiction.

And finally, to the extent that Defendant seeks a stay of the state-court proceedings, she is not entitled to one. *See American Homes 4 Rent Properties Eight, LLC v. Dynott*, No. 1:15-CV-2689-WSD, 2015 WL 5920130, at *2 & n.4 (N.D. Ga. October 8, 2015) (denying the defendant's motion to stay state-court dispossessory proceedings as moot because the court lacked subject-matter jurisdiction and noting that, "[e]ven if subject-matter jurisdiction existed, the Court [would be] unable to grant Defendant the relief he seeks—a stay of state court eviction proceedings—because a federal court is prohibited under the Anti-Injunction Act…from enjoining a state court eviction proceeding"); *U.S. Bank Nat'l Ass'n v. Sanders*, No. 1:15-CV-357-WSD, 2015 WL 1568803, at *3 (N.D. Ga. April 7, 2015) ("Because this action is required to be remanded, Defendant's…Motion to Stay…[should be] denied.").

In sum, while Defendant's Application to Proceed in District Court without Prepaying Fees or Costs, (Doc. 1), is **GRANTED**, for the reasons discussed, the undersigned **RECOMMENDS** that this action be **REMANDED** to the Magistrate Court of DeKalb County. As this is a Final Report and Recommendation, there is nothing further in this action pending before the undersigned. Accordingly, the Clerk is **DIRECTED** to terminate the reference of this matter to the undersigned.

**IT IS SO ORDERED,** this 7th day of December, 2018.

_____
CHRISTOPHER C. BLY
UNITED STATES MAGISTRATE JUDGE